` (No. 26004.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ELMER JONES, Plaintiff in Error.

*Opinion filed February 18, 1941.*

R. E. SMITH, for plaintiff in error.

JOHN E. CASSIDY, Attorney General, CLARENCE E. SOWARD, State's Attorney, and A.´ B. DENNIS, for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was, on September 23, 1936, convicted of murder on an indictment returned by the grand jury of Hardin county. He was sentenced to imprisonment in the penitentiary at Menard. He brings what his counsel here has characterized as the common law record. His complaint is that the record fails to show the indictment returned in open court or that the defendant was arraigned in open court and furnished a copy of the indictment and list of witnesses; that it fails to show the impaneling of the trial jury or that the jury retired to consider its verdict in charge of a sworn officer, or that the defendant was in open court during the trial proceedings and that the judgment, on its face, shows it was void.

The abstract filed by plaintiff in error's counsel contains only the judgment. The certificate of the clerk is that "The foregoing is a true transcript of the record of the final judgment and sentence" in the case.

We are at a loss to understand counsel's position in this case since the record, as shown by an additional abstract filed by the People, shows all of the features which plaintiff in error's counsel says were omitted. The certificate of the clerk, which plaintiff in error's counsel seems to feel is a certificate that the judgment entered in the case is the whole record, shows on its face that it purports to be but a certificate as to the final judgment in the case.

The common law record in a criminal case is sufficient if, after the caption stating the time and place of holding the court, it consists of the indictment properly endorsed as found by the grand jury, arraignment of the accused, his plea, the impaneling of a traverse jury, its verdict, and the judgment. (*People* v. *Munday,* 293 Ill. 191; *McKinney* v. *People,* 2 Gilm. 540.) The record in this case is sufficient. Plaintiff in error's contentions are utterly without merit.

The judgment is affirmed. *Judgment affirmed.*